**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AMANDA NICOLE KUIPER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 25-00361-JB-B** |
| | * | |
| **STATE OF GEORGIA, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

**REPORT AND RECOMMENDATION**

This action is before the Court[1] on review of Plaintiff Amanda Nicole Kuiper's second amended complaint (Doc. 16). Upon consideration, and for the reasons set forth below, the undersigned recommends that this action be **DISMISSED with prejudice** because the second amended complaint is a shotgun pleading that violates the Federal Rules of Civil Procedure and fails to comply with this Court's repleading order dated October 3, 2025 (Doc. 14).

## I. BACKGROUND

Plaintiff Amanda Nicole Kuiper ("Kuiper"), who is proceeding *pro se*, commenced this case by filing a complaint and paying the filing fee for a civil action. (Doc. 1). Kuiper subsequently filed a first amended complaint on her own initiative. (Doc. 11).

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

In an order dated October 3, 2025, the Court informed Kuiper that her first amended complaint was a deficient shotgun pleading, and that it was necessary for her to replead her claims in a second amended complaint. (Doc. 14). The Court observed that Kuiper was suing "a diverse collection of defendants" (including but not limited to her former husband, her former mother-in-law, and several Georgia state court judges) based on an "array of grievances relating to her daughter's child custody proceedings, which have apparently been ongoing in Georgia courts since 2016." (Id. at 2). The Court noted that "the underlying basis for this action" appears to be "Kuiper's belief that the Georgia courts 'lost jurisdiction' over Kuiper and her minor daughter shortly after they relocated to Alabama almost a decade ago, but have nevertheless 'continued to issue orders' that 'are void ab initio for lack of subject-matter jurisdiction.'" (Id. (citation omitted)). The Court observed that Kuiper has also "declared herself and her daughter to be 'Jamaican nationals by descent' and has taken the position that 'Georgia's continued assertion of jurisdiction' is 'unlawful under Jamaica's Constitution and binding international human-rights treaties.'" (Id. (citation omitted)). The Court noted that Kuiper also suggested "that because she 'has Hashimoto's disease,' it is a violation of the Americans with Disabilities Act to require her to share custody

and parental decision-making with her former spouse in Georgia." (Id. at 3 (citation omitted)).

The Court found that Kuiper's first amended complaint was an "egregious shotgun pleading" that violated basic federal pleading standards and failed to provide adequate notice of her claims and the underlying factual basis for each claim. (Id. at 6). The Court outlined the four general categories of shotgun pleadings identified by the Eleventh Circuit and explained in detail why Kuiper's first amended complaint implicated all four of those shotgun pleading categories. (Id. at 4-11). The Court also explained to Kuiper that her first amended complaint violated "the general rule against fictitious party pleading in federal court." (Id. at 11).

The Court struck Kuiper's first amended complaint as an impermissible shotgun pleading but granted her leave to file a second amended complaint that stated her claims "with enough specificity to conform to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure" and "address[ed] and correct[ed] the deficiencies noted in [the Court's repleading] order, to the extent she [was] able to do so." (Id. at 12-13). Because Kuiper's first amended complaint was oppressively long, "rambling and unnecessarily repetitive, with a surplus of irrelevant allegations," the Court limited the second amended complaint to thirty-five pages, not including exhibits. (Id. at 12). The Court

informed Kuiper of the applicable pleading standards for a complaint in federal court, including what is required to state a claim upon which relief can be granted, the requirements of Federal Rules of Civil Procedure 8 and 10, and the prohibition against "shotgun pleadings" which violate those rules and fail to provide adequate notice of a plaintiff's claims and the factual grounds on which they rest. (Id. at 3-5, 14-15). To assist Kuiper in drafting a complying second amended complaint, the Court provided her with the following pleading directives:

> In the second amended complaint, Kuiper must: expressly identify the basis or bases of this Court's subject matter jurisdiction; state her allegations in sequentially numbered paragraphs that are brief and focused; clearly allege – in brief, focused, sequentially numbered paragraphs – necessary facts as to what each defendant or defendant's representative did or failed to do that violated her rights; clearly identify each legal claim presented, each under a separate heading called a "Count"; in the heading for each count, clearly identify the specific statutory provision or other legal basis under which the claim is brought; under the heading for each count, clearly state which defendant(s) is/are sued under that count; clearly identify in each count which specific numbered factual allegation paragraphs apply to that count; clearly explain in each count how the legal right implicated by that count was violated by each defendant sued under that count; and clearly and concisely articulate the relief requested against each defendant. Kuiper must omit irrelevant material and unnecessary legal argument from her second amended complaint, and she should only cite legal authority to the extent necessary to identify and adequately explain the legal basis for her claims. Kuiper must name only proper defendants and must omit purely fictitious defendants from her second amended complaint. Also, as a non-attorney, Kuiper may not represent her minor child in this action; therefore, if

> Kuiper intends to continue proceeding *pro se*, she may not raise claims on behalf of her daughter in the second amended complaint.

(Id. at 13-14). The undersigned directed the Clerk of Court to send Kuiper a copy of this Court's Pro Se Litigant Handbook and encouraged Kuiper to review the handbook carefully and utilize it in drafting her second amended complaint, so as to avoid repetition of her pleading errors. (Id. at 16). The Court warned Kuiper that if she filed a second amended complaint that failed to fully address and correct the noted deficiencies in her previous complaint, the undersigned would recommend that this action be dismissed with prejudice. (Id. at 15).

In response to the Court's order, Kuiper timely filed a second amended complaint. (Doc. 16). In her second amended complaint, Kuiper sues the following defendants: the State of Georgia; Georgia Superior Court Judge William A. Fears; Georgia Superior Court Judge Thomas H. Wilson; former Georgia Superior Court Judge John Ott; Alabama Governor Kay Ivey; Alabama Attorney General Steve Marshall; Mobile County, Alabama; Mobile County Sheriff Paul Burch; "John Doe Deputy" of the Mobile County Sheriff's Office; Jonathan Kuiper (her former husband); Eunice Kuiper (Jonathan Kuiper's mother); Pasley, Nuce & Mallory, LLC and Adam R. Nagel (Jonathan Kuiper's attorney); attorney Stephen L. Coxen of The Coxen Firm, LLC (who appears to be Jonathan Kuiper's former attorney); The Manely Law Firm, P.C. "including Michael Manely and

Dina Khismatulina" (the law firm that apparently represented Kuiper from 2016 to 2019); Jennifer McCall, "former attorney with The Manely Law Firm, P.C." (who apparently represented Kuiper from 2016 to 2019); Jaffe Family Law, LLC, "including Adam Jaffe, Michael S. Stewart, Thomas Peters, Janay Robinson, Ryan Castellon, and Hanks Harrison" (the law firm that apparently represented Kuiper in 2023); Melissa Machen Shannahan (who was appointed as guardian ad litem in the underlying child custody proceedings); Alabama Legal Solutions, LLC "including Carter Milano and Rachel Ahern" (a private process serving firm); Andy Dorsey (a court reporter in Georgia); The Barnesville (Georgia) Herald Gazette and its publisher, Walter Geiger; the Georgia Press Association, Inc.; and "Does 1-50, unknown persons or entities who participated in the alleged conduct." (Id. at 3-8).

As she did in previous iterations of her complaint, Kuiper continues to air a vast array of grievances relating to her daughter's child custody proceedings, which have been ongoing in Georgia courts since 2016. Kuiper's main position appears to be that the Georgia courts "lost jurisdiction" when she relocated to Alabama with her daughter nearly a decade ago but have nevertheless continued to issue "void" "custody, visitation, and contempt orders" for the past decade. (Id. at 11-13). Kuiper also declares herself and her daughter to be "Jamaican nationals by descent" and claims that "Georgia's continued assertion of jurisdiction over

Jamaican nationals violates treaty obligations and Jamaica's sovereign rights." (Id. at 18). Kuiper further contends that she has Hashimoto's disease, and that various "public entities and officials" in Georgia and Alabama have violated the Americans with Disabilities Act ("ADA") through their "failures to accommodate and to prevent disability-based harm" relating to the underlying child custody proceedings. (Id. at 21-23).

Kuiper purports to assert the following claims for relief: "COUNT I – 42 U.S.C. § 1983 (Due Process & Equal Protection) Against All Defendants"; "COUNT II – Title II of the Americans with Disabilities Act (Failure to Accommodate) Against the State of Georgia; Judges Fears, Wilson, and Ott (in official capacities); Mobile County; and Chief Deputy Paul Birch (in official capacity)"); "COUNT III – 42 U.S.C. § 1985(3) (Civil-Rights Conspiracy) Against all individual and private defendants listed above, and public officials acting jointly under color of law"; "COUNT IV – 42 U.S.C. § 1983 (First Amendment Retaliation) Against: Jonathan Kuiper, Adam R. Nagel, the attorney defendants, judicial officers (for non-judicial acts), Mobile County, Chief Deputy Paul Birch, Walter Geiger, The Barnesville Herald Gazette, and the Georgia Press Association"; and "COUNT V – Declaratory and Injunctive Relief Against: The State of Georgia; Judges Fears, Wilson, and Ott (official capacities for declaratory relief); Governor Kay Ivey; Attorney General Steve Marshall; Mobile County,

Chief Deputy Paul Birch (official capacity); and all other necessary parties for prospective enforcement." (Id. at 20-30).

Kuiper seeks injunctive relief, declaratory relief, "compensatory and punitive damages of not less than $1,000,000,000 jointly and severally against all liable individual and private defendants," "taxable costs," "pre- and post-judgment interest," "reimbursement of non-taxable expenses," and "such other and further relief as the Court deems just and proper to safeguard Plaintiff's and her child's constitutional, ADA, and dual-national protections, and affirm the rights of all dual nationals similarly situated to receive equal protection under U.S. and international law." (Id. at 30-33).

## II. LEGAL STANDARDS

### A. Federal Rules of Civil Procedure 8 and 10

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). Each allegation in a complaint "must be

simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Relatedly, Rule 10(b) of the Federal Rules of Civil Procedure mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity." Fed. R. Civ. P. 10(b).

These rules "work together to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Complaints that violate Rules 8 and 10 are "disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four general types or categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those

that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23. The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

### B. *Pro Se* Litigation

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). A *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## III. DISCUSSION

Having reviewed Kuiper's second amended complaint at length, the undersigned concludes that this action is due to be dismissed

with prejudice because Kuiper's complaint[2] is a shotgun pleading that complies only halfheartedly with the Court's repleading order and fails to satisfy the basic pleading standards for a complaint in federal court.

In the repleading order dated October 3, 2025, the Court specifically informed Kuiper that a complaint in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," is a shotgun pleading. (See Doc. 14 at 4-5, 7 (quoting Weiland, 792 F.3d at 1321)). Notwithstanding the foregoing, Kuiper's complaint commits this exact error by "realleg[ing]" all (except one) of the complaint's previous paragraphs in each successive count, thereby essentially "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321. This manner of pleading "imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir.

[2] For the sake of brevity, the Court will generally refer to Kuiper's operative second amended complaint (Doc. 16) as the "complaint" in this section of the report and recommendation.

2006). It is particularly problematic here, given that Kuiper's factual allegations encompass an extremely broad range of conduct by numerous unrelated parties in multiple states that occurred over a decade-long period.

Worse, the complaint lumps multiple claims for relief and causes of action that should be pled separately into individual counts, thereby falling into the third shotgun pleading category. For example, in count one, Kuiper alleges that the "combined actions of all Defendants deprived Plaintiff of her Fourteenth Amendment rights to due process, equal protection and bodily integrity." (Doc. 16 at 1). As an initial matter, "Equal Protection and Due Process violations are two separate causes of action."[3] Nurse v. City of Alpharetta, 2017 U.S. Dist. LEXIS 226179, at *2 n.3, 2017 WL 11476769, at *1 n.3 (N.D. Ga. Sept. 29, 2017). "[C]ombining two distinct claims into a single count constitutes an impermissible 'shotgun pleading.'" Perez v. City of Opa-Locka, 629 F. Supp. 3d 1164, 1176 (S.D. Fla. 2022) (citing

[3] Kuiper also does not specify whether she is raising substantive due process claims, procedural due process claims, or both. See Sullivan v. City of Dadeville, 2024 U.S. Dist. LEXIS 33468, at *24 n.10, 2024 WL 1601216, at *9 n.10 (M.D. Ala. Feb. 27, 2024) ("'[P]rocedural due process, substantive due process, and equal protection claims each have their own legal standards and elements of proof,' and thus cannot be combined in a single count because 'combin[ing] multiple claims with different legal standards into one count' is impermissible 'shotgun pleading.'") (citation omitted), report and recommendation adopted as modified, 2024 U.S. Dist. LEXIS 53632, 2024 WL 1283815 (M.D. Ala. Mar. 26, 2024).

Weiland, 792 F.3d at 1322-23 & n.13); see also Apothecary Dev. Corp. v. City of Marco Island, Fla., 2011 U.S. Dist. LEXIS 35751, at *5, 2011 WL 1071448, at *2 (M.D. Fla. Mar. 18, 2011) ("Procedural due process, substantive due process, and equal protection claims each have their own legal standards and elements of proof. It is impermissible to combine multiple claims with different legal standards into one count. This type of pleading constitutes a 'shotgun pleading' and is disfavored by the Court."). Moreover, the complaint lumps Kuiper's equal protection and due process claims against *all* of the defendants into a single count even though several of those claims are based on distinct legal theories (e.g., a Monell claim against Mobile County; claims against Governor Ivey and Attorney General Marshall for "showing deliberate indifference to known constitutional violations" when they failed to respond to Kuiper's letters; and an individual claim against a "John Doe Deputy" who attempted to serve Kuiper with a Georgia state court order after she avoided service by a process server). See, e.g., Skorupski v. Wells, 2023 WL 12079180, at *3 (M.D. Fla. Feb. 23, 2023) (noting that supervisory claims should not be lumped with individual claims because they "are different causes of action under Section 1983 and require different facts in order to state a claim"); Samek v. Marceno, 2024 U.S. Dist. LEXIS 38848, at *3, 2024 WL 964196, at *1 (M.D. Fla. Mar. 6, 2024) (stating that a Monell claim should be pled "as a separate count

that includes sufficient allegations to support this distinct theory of relief," and dismissing as a shotgun pleading a complaint that lumped a Monell claim against a county sheriff together with an excessive force claim against a deputy). Kuiper also repeatedly lumps together within a single count claims for relief against multiple defendants that are based on discrete, unrelated (or at best loosely related) events that occurred over the course of a decade. See Krawczyk v. Re, 37 F. Supp. 2d 1106, 1109 (N.D. Ill. 1999) ("One set of facts producing one injury creates one claim for relief . . . ."); Pakootas v. Teck Cominco Metals, Ltd., 905 F.3d 565, 575 (9th Cir. 2018) (stating that "a challenger cannot successfully attack the court's finding of multiple claims merely by showing that some facts are common to all of its theories of recovery," and that claims "with partially overlapping facts are not foreclosed from being separate") (quotations omitted). Some of those events are alleged only in the most vague and general manner, leaving the reader to speculate as to the precise factual basis for Kuiper's claims.[4] Again, Kuiper's failure to adequately delineate her claims for relief and plead them separately is

[4] For example, in count two (ADA failure-to-accommodate), Kuiper alleges: "Between 2016 and 2025, the State of Georgia and its judicial officers failed to provide reasonable modifications despite notice – direct or constructive – of Plaintiff's medical limitations. Requests for remote participation and schedule adjustments were ignored, forcing Plaintiff into repeated twelve-hour round-trip travel between Alabama and Georgia." (Doc. 16 at 22).

particularly significant in this case, given that her allegations date back nearly ten years and many of her putative claims appear to be time-barred.

Kuiper's complaint is also guilty of the shotgun pleading "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." See Weiland, 792 F.3d at 1323. Notably, for several of the defendants named in the complaint, there is absolutely no explanation as to who these individuals were or what they supposedly did or failed to do that violated Kuiper's rights. For example, after listing Michael S. Stewart, Thomas Peters, Janay Robinson, Ryan Castellon, and Hanks Harrison as defendants and indicating that they were somehow connected to Jaffe Family Law, LLC, Kuiper does not mention them again in her complaint. This is utterly insufficient to give these individuals adequate notice of the relevant acts or omissions they are claimed to be responsible for. As another example, Kuiper nominally includes Eunice Kuiper in her § 1983 and civil rights conspiracy counts, but she does not mention Eunice Kuiper in connection with either of those counts, much less explain her theory of liability with respect to Eunice Kuiper, a private individual. More broadly, many of the allegations of wrongdoing in the complaint are so vague, generalized, and conclusory, with little to no detail provided, that they fail to provide adequate notice as to what each defendant

is alleged to have done to violate Kuiper's rights. And in her counts, Kuiper makes multiple general references to actions of "Defendants" instead of identifying the responsible defendants with precision.

In drafting her second amended complaint, Kuiper disregarded several of the Court's pleading instructions. Kuiper's complaint does not "clearly allege . . . necessary facts as to what each defendant . . . did or failed to do that violated her rights." (See Doc. 14 at 13). Instead, as discussed above, Kuiper fails to identify *any* acts or omissions on the part of several named defendants. Nor does Kuiper's complaint "clearly identify in each count which specific numbered factual allegation paragraphs apply to that count." (See id.). On the contrary, Kuiper purports to reallege essentially *all preceding paragraphs* in each successive count, including paragraphs that have absolutely nothing to do with particular count being alleged. As already illustrated with respect to several of the defendants, Kuiper's complaint fails to "clearly explain in each count how the legal right implicated by that count was violated by each defendant sued under that count." (See id.). And less importantly, but perhaps most inexplicably, Kuiper continues to sue "Does 1-50, unknown persons or entities who participated in the alleged conduct;" even after the Court directed her to "omit purely fictitious defendants from her second amended complaint" and informed her that the "inclusion of 'DOES

1-50' falls outside the narrow exception to the rule against fictitious party pleading." (See id. at 11, 14).

"Once a district court gives a plaintiff fair notice of the specific defects in the complaint and a meaningful chance to fix them, dismissal with prejudice on shotgun pleading grounds is proper if a plaintiff files an amended complaint afflicted with the same defects." Halstead v. Espinoza, 2023 U.S. App. LEXIS 5529, at *4, 2023 WL 2399288, at *2 (11th Cir. Mar. 8, 2023) (per curiam) (citing Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358-59 (11th Cir. 2018) ("Here, after being put on notice by Defendants of the specific defects in their complaint, the Jacksons filed an amended complaint afflicted with the same defects, attempting halfheartedly to cure only one of the pleading's many ailments . . . . The District Court should have dismissed the amended complaint with prejudice because . . . the amended complaint was incomprehensible.")); see also Pelletier v. Zweifel, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991) ("If Pelletier had refused to comply with the court's directive to file a repleader in conformity with the rules of civil procedure, the court could have dismissed the complaint under Fed.R.Civ.P. 41(b), on the ground that Pelletier failed to comply with Fed.R.Civ.P. 8(a) and (e) to provide a short, clear, and concise statement of the claim.") (citations omitted), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008). "Multiple cases

support the dismissal without leave to replead of a *pro se* pleading on shotgun pleading grounds where the *pro se* plaintiff has been advised of the deficiencies in the pleading and has failed to correct them." Behr v. Campbell, 2022 U.S. Dist. LEXIS 48682, at *15 n.3, 2022 WL 1176949, at *5 n.3 (S.D. Fla. Mar. 18, 2022) (collecting cases).

As described above, the Court's repleading order explained in detail why Kuiper's first amended complaint was a shotgun pleading that did not provide adequate notice of her claims and their underlying factual grounds. The Court warned Kuiper that failure to fully address and correct the noted deficiencies would result in a recommendation that this action be dismissed with prejudice. In disregard of the Court's warning and instructions, Kuiper filed an amended complaint afflicted with many of the same fundamental deficiencies and pleading errors identified by the Court previously. Accordingly, the undersigned submits that this action is due to be dismissed for Kuiper's failure to file a second amended complaint that is not a shotgun pleading and that complies with the Court's repleading order and the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED with prejudice** for Kuiper's failure to file a second amended complaint that is not a shotgun pleading and

that complies with the Federal Rules of Civil Procedure and with this Court's repleading order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **31st** day of **October, 2025.**

**/S/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**